UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK SCHMALZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-cv-8012 |
| | ) |
| VILLLAGE OF NORTH RIVERSIDE; | ) Judge John W. Darrah |
| HUGH HERMANEK, in his individual | ) |
| and official capacity; KEN KROCHMAL, | ) |
| in his individual and official capacity; | ) |
| TOM CORGIAT, in his individual and | ) |
| official capacity; RANDY CZAJKA, in | ) |
| his individual and official capacity; | ) |
| H. BOB DEMOPOLOUS, in his | ) |
| individual and official capacity; | ) |
| ROCCOS DESANTIS, in his individual | ) |
| and official capacity; VERA WILT, in her | ) |
| individual and official capacity; | ) |
| JASON BIANCO, in his individual and | ) |
| official capacity; DEBORAH CZAJKA, | ) |
| in her individual and official capacity; | ) |
| MATTHEW DECOSOLA, in his | ) |
| individual and official capacity; | ) |
| JOE MENGONI, in his individual and | ) |
| official capacity; and LANE NEIMANN, | ) |
| in his individual and official capacity, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Frank Schmalz has brought this action pursuant to 42 U.S.C. § 1983, asserting claims for: violations of his First Amendment rights against all Defendants (Counts I and II); mandamus against all Defendants (Count III); and a state law claim for defamation *per se* against Defendant Ken Krochmal (Count IV). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants have moved to dismiss Counts I, II, and III or, alternatively, to dismiss Tom Corgiat

and Randy Czajka as Defendants and dismiss Defendant Krochmal from Counts I, II and III.

## BACKGROUND

The following facts are drawn from the Complaint and are accepted as true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Schmalz is a police sergeant for the Village of North Riverside, Illinois (the "Village"). (Compl. ¶ 21.) Schmalz is president of the Fraternal Order of Police, Lodge 110 ("FOP") and was the FOP chief negotiator with the Village. (*Id.* ¶ 4.) He also served in a supervisor capacity on a highly coveted task force, known as West Suburban Enhanced Drug & Gang Enforcement ("W.E.D.G.E."). (*Id.* ¶ 22.) In August 2012, Schmalz was the only sergeant who took the lieutenants' promotional exam and received a passing score. (*Id.* ¶ 24.)

Schmalz alleges that the Village failed to promote him based on his union activity and endorsement of former trustee, Rocco Desantis, for mayor in the April 2013 Village election. (*Id.* ¶¶ 83-84, 92-93.) At FOP meetings in October 2012 and January 2013, Schmalz advocated that the police union endorsee Desantis and Desantis's party, Transparency and Accountability in Politics ("TAP"). (*Id.* ¶ 29.) After the FOP members voted to support the TAP party and Desantis, Schmalz engaged in campaigning activity in support of Desantis until the elections were held on April 9, 2013. (*Id.* ¶ 31.) Krochmal, then mayor of the Village, publicly criticized and threatened Schmalz because Schmalz did not support the incumbent Village Interest Party ("VIP"). (*Id.* ¶¶ 40-46.)

Shortly after Desantis lost the election, the then-chief of police was demoted and replaced by a new chief of police, Defendant Lane Niemann. Niemann was appointed by Krochmal with the advice and consent of the Defendant Board of Trustees. (*Id.* ¶¶ 49-52.) Around the same

time, one of the Village's four lieutenant positions became open due to a different promotion. (*Id.* ¶¶ 56.) Schmalz was the only eligible candidate for promotion to the vacant lieutenant position, but he was not promoted. (*Id.* ¶¶ 57-58.)

On April 22, 2013, Schmalz was removed from the W.E.D.G.E. task force without an explanation. On the same day, Niemann told Schmalz that the vacant lieutenant position had been eliminated and that Schmalz "would never be promoted." (*Id.* ¶¶ 59-60.) In June 2013, Schmalz met with Defendant Mayor Hugh Hermanek to request consideration for a second vacant lieutenant position of commander, which had recently opened due to a death of a commander. (*Id.* ¶ 102.) Hermanek stated he had heard that Schmalz would have been appointed police chief if Desantis had won the election. (*Id.* ¶¶ 69-70.) Schmalz was later placed on desk duty by Niemann. (*Id.* ¶ 73.) Another officer, Christian Ehrenberg, was appointed to the lieutenant position of commander, even though his appointment violated the Village's ordinance because he did not hold the rank of lieutenant. (*Id.* ¶ 106.)

Schmalz has named as Defendants the following: the Village; Hermanek (former trustee and current mayor); Krochmal (former mayor); Niemann (current police chief); Desantis (former trustee and former mayoral candidate); Tom Corgiat (former trustee); Randy Czajka (former trustee); H. Bob Demopolous (current trustee); Vera Wilt (current trustee); Jason Bianco (current trustee); Deborah Czajka (current trustee); Matthew Decosola (current trustee); and Joe Mengoni (current trustee).

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief

3

sought." Fed. R. Civ. P. 8. A defendant may assert several defenses to a claim in a complaint by motion, including "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When assessing a Rule 12(b)(6) motion to dismiss, courts construe the complaint in the light most favorable to the plaintiff all, well-pleaded facts are accepted as true, and all reasonable inferences are construed in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

In order to withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

*Dismissal of Defendants Krochmal, Corgiat, Randy Czajka and Desantis*

Defendants first argue that Defendants Krochmal, Corgiat, and Randy Czajka must be dismissed from Counts I, II and III because they were not trustees or Village officials at the time of the alleged unlawful employment actions. In his Response, Schmalz does not contest that these Defendants were no longer trustees or officials and does not appear to contest their dismissal. Instead, Schmalz requests leave to amend his Complaint to add the additional adverse employment action of his removal from the W.E.D.G.E task force, which occurred on April 22, 2013, before those Defendants left their positions. In their reply brief, Defendants also

4

argue that Desantis should be dismissed for the same reason because he had resigned as a trustee on May 6, 2013.

As Schmalz had conceded that his claims are insufficient as to Krochmal, Corgiat, and Randy Czajka because they had left their positions before the alleged adverse employment actions, the same reasoning applies to Desantis. Defendants Krochmal, Corgiat, Randy Czajka and Desantis are dismissed without prejudice from Counts I, II and III. Schmalz is granted leave to amend those Counts.

*The Village's Requirement to Fill Four Lieutenant Positions*

Defendants argue that Counts I, II and III should be dismissed in their entirety on the basis that the Village is not required to fill an empty lieutenant position. In support, Defendants cite to two sources: (1) the collective bargaining agreement between the Village and the FOP and (2) the Village Code. The collective bargaining agreement is not referenced in Schmalz's Complaint and is not central to his claims; therefore, that agreement will not be considered on Defendants' Rule 12(b)(6) Motion because it is outside the pleadings. *See* Fed. R. Civ. P. 12(d); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). However, the Village Code is properly considered, as Schmalz has cited to it in his Complaint and it is central to his claims. (*See* Compl. ¶ 100.)

> The Village Code provides, in pertinent part:
>
> There is created a police department, an executive department of the Village. The police department shall consist of the village marshal, who shall be chief of police, four lieutenants of police, and such number of sergeants and patrolmen as the president and board of trustees may from time to time deem necessary . . . . and such members as may be provided for from time to time by the president and board of trustees.

Section 2.48.010 of the Village Code (Defs' Mem. in Supp. of Mot., Exh. E). Defendants argue that this language means that the Village is merely permitted to employ four lieutenants and not required to do so. However, as Schmalz correctly points out, the Village Code employs mandatory language that the police department "shall" consist of a police chief and four lieutenants. Drawing the inferences in Schmalz's favor, it appears that the Village Code requires four lieutenants, as opposed to the permissive interpretation that Defendants urge.

In order to state a First Amendment retaliation claim, a public employee must allege that: "(1) his speech was constitutionally protected; (2) the protected speech was a 'but-for' cause of the employer's action; and (3) he suffered a deprivation because of the employer's action." *Wackett v. City of Beaver Dam*, 642 F.3d 578, 581 (7th Cir. 2011) (internal citations omitted). Defendants also contend that the Village's failure to follow the Village Code does not create a constitutional violation. Defendants further argue the appointment of Ehrenberg, in violation of the Village Code, is insufficient to state a First Amendment claim.

In support, Defendants cited *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) for its language that "42 U.S.C. §1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." In *Thompson*, the Seventh Circuit affirmed judgment in favor of defendants, the City of Chicago and a police officer, holding, in part, that the officer's violation of an internal police department order was not, by itself, a constitutional violation. *Id.* Consequently, *Thompson* is easily distinguished from the present case. Unlike the situation in *Thompson*, Schmalz is not alleging a violation of § 1983 based solely on violations of the Village Code. Rather, construing the

allegations in his favor as required, Schmalz is alleging that his First Amendment rights were violated based on an adverse employment action, the failure to be promoted.

*Schmalz's Claims against Current Trustees and Village Officials*

Finally, Defendants argue that Schmalz has not sufficiently alleged that he was not promoted or allowed to work light duty because of his political association or union activity. Defendants emphasize that the alleged derogatory statements about Schmalz were made by Krochmal and Corgiat, both of whom had left office by May 6, 2013, and therefore, had no authority over decisions impacting Schmalz after that date. As such, Defendants argue that Schmalz's allegations are insufficient that the current trustees and officials participated in the constitutional violation. In other words, Defendants challenge the "but for" prong of Schmalz's First Amendment claims.

Schmalz responds that his allegations are sufficient to establish a link between his political activity and the adverse employment actions he experienced because those events occurred close in time. Schmalz contends the alleged statements by Neimann and Hermanek further bolster his claim that he was retaliated against based on protected activity.

Defendants cite to *Hildebrandt v. Illinois Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) for its holding that a defendant must have "participated directly in the constitutional violation" to be liable under § 1983. *Hildebrandt* further states that this participation requirement is satisfied where the alleged deprivation occurred with the official's knowledge and consent:

> [H]e must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery.

7

*Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

In this case, Schmalz has not sufficiently alleged a causal connection between the adverse employment action and the Defendants who were in office at the time of the alleged deprivation. He does not allege that those Defendants knew about his political activity and consented or condoned the adverse employment actions against him. Consequently, Schmalz has failed to state a claim on Counts I, II and III.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [32] is granted. Schmalz is granted leave to amend his Complaint, if he can do so pursuant to Rule 11, within thirty days of this Order.

Schmalz's remaining claim is a state law claim for defamation, contained in Count IV. "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.'" *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998). Consequently, because Schmalz's claims arising under federal law are dismissed without prejudice, if Schmalz fails to file amended federal claims, the Court will exercise its discretion to decline supplemental jurisdiction over the remaining state law claim, and Count IV is dismissed without prejudice to refile in state court.

Date: August 21, 2014

JOHN W. DARRAH
United States District Court Judge