UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK SCHMALZ, ) | |
| ) | |
| Plaintiff, ) | Case No. 13-cv-8012 |
| v. ) | |
| ) | Judge John W. Darrah |
| VILLLAGE OF NORTH RIVERSIDE; ) | |
| HUGH HERMANEK, in his individual ) | |
| and official capacity; KEN KROCHMAL, ) | |
| in his individual and official capacity; ) | |
| TOM CORGIAT, in his individual and ) | |
| official capacity; RANDY CZAJKA, in ) | |
| his individual and official capacity; ) | |
| H. BOB DEMOPOULOS, in his ) | |
| individual and official capacity; ) | |
| ROCCO DESANTIS, in his individual ) | |
| and official capacity; VERA WILT, in her ) | |
| individual and official capacity; ) | |
| and LANE NEIMANN, in his individual ) | |
| and official capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Frank Schmalz has brought this action pursuant to 42 U.S.C. § 1983, asserting claims for: violations of his First Amendment rights against all Defendants (Counts I and II); mandamus against all Defendants (Count III); and a state-law claim for defamation *per se* against Defendant Ken Krochmal (Count IV). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants have moved to dismiss Counts I, II, and III of the First Amended Complaint or, alternatively, to dismiss Rocco Desantis, H. Bob Demopoulos, Tom Corgiat, and Randy Czajka as Defendants and to dismiss Ken Krochmal from Counts I, II and III. Schmalz has moved to strike Defendants' Motion.

**BACKGROUND**

The following facts are drawn from the Complaint and are accepted as true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Schmalz is a police sergeant employed by the Village of North Riverside, Illinois (the "Village"). (Compl. ¶ 16.) He is president of the local police union, the Fraternal Order of Police, Lodge 110 ("FOP"), and was the FOP chief negotiator with the Village. (*Id.* ¶ 4.) He also served in a supervisorY capacity on a highly coveted task force, known as West Suburban Enhanced Drug & Gang Enforcement ("WEDGE"). Schmalz has named the following as Defendants: the Village; Hugh Hermanek (former trustee and current mayor); Ken Krochmal (former mayor); Lane Neimann (current police chief); Rocco Desantis (former trustee); Tom Corgiat (former trustee); Randy Czajka (former trustee); H. Bob Demopoulos (current trustee); and Vera Wilt (current trustee). (*Id.* ¶¶ 5-13.)

Schmalz's claims arise from his union activity and endorsement of former trustee Desantis in Desantis's unsuccessful run for Village mayor in April 2013. Specifically, at FOP meetings in October 2012 and January 2013, Schmalz advocated that the police union endorse Desantis and his party, Transparency and Accountability in Politics ("TAP"). (*Id.* ¶ 24.) The FOP members voted to support the TAP party and Desantis. Schmalz publicly campaigned in support of the TAP party until the elections were held on April 9, 2013. (*Id.* ¶¶ 25-26.)

On January 21, 2013, Krochmal, then mayor of the Village, publicly criticized the Village police officers during a monthly Village Board meeting. On or about February 2, 2013, Schmalz met with Krochmal to discuss his remarks about the police. Krochmal refused to discuss his remarks and, instead, insisted on discussing Schmalz's and the FOP's endorsement of

2

the TAP party candidates. (*Id.* ¶¶ 28-31.) At the next Village Board meeting on or about February 4, 2013, Schmalz read a letter to the Board members to protest Krochmal's remarks at the January Board meeting. (*Id.* ¶ 33.) At that same Board meeting, Trustee Corgiat stated that any police or fire personnel who actively campaigned for candidates other than the incumbent Village Interest Party ("VIP") should be investigated and punished, up to and including termination. (*Id.* ¶ 34.) At the next Village Board meeting on March 4, 2013, Krochmal told Desantis that police officers could "go to hell for not endorsing the VIP Party" and that Schmalz would pay for reading the letter. (*Id.* ¶ 35.)

On the day of the Village elections, April 9, 2013, Schmalz greeted voters at the Village Commons polling place and encouraged them to vote for Desantis and the TAP party. Krochmal also was there and misinformed voters that the FOP union was supporting VIP candidates, a statement that Schmalz repeatedly corrected. Krochmal advanced on Schmalz, called him expletives, and threatened Schmalz with the words "You think I am going to forget you reading that letter at the Board Meeting. You wait and see what I have planned for you, asshole." (*Id.* ¶¶ 36-41.)

The VIP party won the election. On or about April 13, 2013, the Village police chief was stripped of his powers, and Niemann (currently police chief) assumed the position of acting police chief. (*Id.* ¶¶ 44-45.) A vacant lieutenant position was available at that time. (*Id.* ¶ 47.) Schmalz had passed the lieutenants' promotional exam in August 2012 and was the only eligible candidate for promotion on the lieutenant promotional list, but was not promoted. (*Id.* ¶ 22.) On or about April 22, 2013, Niemann removed Schmalz from the WEDGE taskforce and told him

3

that he would "never be promoted" to being a lieutenant. (*Id.* ¶¶ 48-49.) Niemann was officially appointed police chief on May 6, 2013. (*Id.* ¶ 50.)[1]

On June 11, 2013, another vacant lieutenant position opened after the death of a commander. (*Id.* ¶ 56.) On June 18, 2013, Niemann offered the position of commander to another police officer, who was not on the lieutenant promotional list. Niemann told Schmalz that Schmalz should be happy being a detective because "that's all you'll ever be" and that if Desantis had won the election, Schmalz would have been chief. (*Id.* ¶¶ 57-62.) Schmalz also met with the new mayor, Hermanek, who stated that he also had heard that Schmalz would be chief if Desantis had won. (*Id.* ¶ 64.)

On June 28, 2013, Schmalz was assigned to desk duty, despite having been cleared by his doctor for full duty after a work-related injury. (*Id.* ¶¶ 68-69.) Shortly thereafter, Niemann sent Schmalz home, saying that Schmalz was too much of a liability. (*Id.* ¶ 71.)

Schmalz filed this action on November 7, 2013. On August 21, 2014, this Court granted Defendants' motion to dismiss and granted Schmalz leave to amend his claims. On September 19, 2014, Schmalz filed his First Amended Complaint, dropping some of the Defendants named in the original Complaint.

## LEGAL STANDARD

To properly assert a claim in a complaint under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8(a)(2). The plaintiff must

---

[1] The First Amended Complaint states that Niemann was appointed on May 6, 2014, but that obviously was a typographical error.

4

describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Upon a Rule 12(b)(6) motion, the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Generally, matters outside the pleadings cannot be considered on a motion to dismiss. *See, e.g., R.J. Corman Derailment Serv., LLC v. Int'l Union, Local Union 150,* 335 F.3d 643, 647 (7th Cir. 2003). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

## ANALYSIS

*Schmalz's Motion to Strike*

In support of some of their arguments, Defendants have submitted affidavits and Village Board meeting minutes as exhibits, which they argue contradict the timing of Schmalz's allegations. (*See* Defs' Mot., Exhs. A-E.) Schmalz has moved to strike Defendants' Motion on the basis that these exhibits are improperly submitted.

Defendants' exhibits constitute matters outside the pleadings and must be excluded from Defendants' 12(b)(6) Motion. Fed. R. Civ. P. 12(d); *see also Corman Derailment Serv., LLC,* 335 F.3d at 647. Although Defendants argue to the contrary, these exhibits, which include board meeting minutes and affidavits, are not referred to in Schmalz's First Amended Complaint and are not documents that are central to his claims. *Cf. Venture Associates Corp.*, 987 F.2d at 431. Failure to exclude these exhibits would require converting Defendants' Motion to a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). Accordingly, the Court grants Schmalz's Motion in part and has struck the exhibits and has disregarded Defendants' arguments to the extent that they rely on the improperly submitted exhibits. The Court denies Schmalz's Motion to the extent that he requests that Defendants' Motion be struck in its entirety.

*Defendants Desantis and Demopoulos*

In order to state a First Amendment retaliation claim, a public employee must allege: "(1) she engaged in constitutionally protected speech; (2) she suffered a deprivation likely to deter her from exercising her First Amendment rights; and (3) her speech was a motivating factor in her employer's adverse action." *Valentino v. Vill. of S. Chicago Heights*, 575 F.3d 664, 670 (7th Cir. 2009) (citing *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). An adverse action

is "any deprivation under color of law that is likely to deter the exercise of free speech." *Mosely v. Board of Educ.*, 434 F.3d 527, 534 (7th Cir. 2006) (quoting *Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000)).

In Counts I and II, Schmalz alleges that he was retaliated against based on his political and union activity in campaigning for the TAP party. Defendants first argue that Desantis and Demopoulos should be dismissed because they were members of the same political party, TAP, as Schmalz and that therefore, Schmalz cannot show a causal connection between them and an adverse action. In his response, Schmalz does not contest that these Defendants belonged to the same political party as he did. He also does not argue that they are proper Defendants for purposes of Counts I and II.

The Seventh Circuit has recognized that an "unresponsive response is no response" and means the plaintiff has "forfeited [the] right to continue litigating [his] claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041-43 (7th Cir. 1999) (affirming dismissal of complaint pursuant to 12(b)(6) where plaintiff failed to respond responsively to motion). "If [a court is] given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Id.* at 1041; *see also Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the nonmoving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (internal citations omitted). Schmalz's failure to respond to Defendants' argument constitutes abandonment or wavier of those claims. *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (where plaintiff "did not present legal arguments or cite relevant

7

authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived"); *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. Mar.14, 2008) ("A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a waiver or forfeiture."). Accordingly, Desantis and Demopoulos are dismissed from Counts I and II.

Schmalz contends, however, that Desantis and Demopoulos are proper Defendants for Count III, the mandamus count. A writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616, (1984). For a writ to issue, a plaintiff must establish: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014) (quoting *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987)).

In his mandamus count, Schmalz requests that this Court order Defendants to comply with Village of North Riverside Ordinance 2.48.010 and promote Schmalz to a lieutenant position. Schmalz does not contest that Desantis and Demopoulos are former trustees but argues that they are proper Defendants because they were Village trustees in the time period between April 9, 2013 and May 6, 2013, when a lieutenant position was vacant.

Schmalz has failed to state a plausible claim for a writ of mandamus against Desantis and Demopoulos. As he concedes, they are no longer trustees. They have no ability, much less a duty, to promote Schmalz to lieutenant and, therefore, cannot be ordered to do so under a writ of

mandamus.  Consequently, Desantis and Demopoulos are also dismissed with respect to Count III.

*Defendants Krochmal, Corgiat and Czajka*

Defendants next argue that Krochmal, Corgiat and Czajka should be dismissed on the basis that Schmalz has incorrectly alleged that a lieutenant position was vacant in April 2013 and have submitted affidavits and meeting minutes in support of this argument.  As discussed above, these exhibits have been improperly submitted, and the Court has disregarded Defendants' argument to the extent that it relies on these exhibits.

Instead, it must be considered whether Schmalz has stated a claim against these Defendants based on his allegations, as pled.  As noted above, for Counts I and II, Schmalz must sufficiently allege that he engaged in protected speech, suffered a deprivation likely to deter free speech, and that his speech was "at least a motivating factor" in his employer's action.  *Swetlik v. Crawford*, 738 F.3d 818, 825 (7th Cir. 2013).

Schmalz has pled that a vacant lieutenant position was "available" on or about April 11, 2013, when these Defendants were still in office (Krochmal as mayor and Corgiat and Czajka as trustees).  (Comp. ¶ 47.)  However, the First Amended Complaint is noticeably silent as to when the lieutenant position became open.  Indeed, Schmalz alleges that he passed the lieutenants' promotional exam in August 2012, before he engaged in the allegedly protected speech.  (*Id.* ¶ 22.)  As Defendants correctly argue, if the position was open before Schmalz engaged in the speech, his speech could not have been a motivating factor in the failure to promote him to lieutenant in April.  Schmalz has not alleged sufficient facts to establish a causal connection between the failure to promote him and these Defendants' actions in April 2013.

Consequently, Schmalz has failed to state a claim for First Amendment retaliation against Krochmal, Corgiat and Czajka. Counts I and II are dismissed as to those Defendants.

With respect to Count III, for the same reasons discussed above, Schmalz has failed to state a claim for a writ of mandamus against Krochmal, Corgiat and Czajka. As he concedes, these Defendants are no longer in office; therefore, they cannot be ordered to promote him to lieutenant. Count III is also dismissed as to Krochmal, Corgiat and Czajka.

*Schmalz's Removal from the WEDGE Task Force and Being Sent Home On June 28, 2013*

Defendants next argue that Schmalz's claims relating to his removal from the WEDGE Task Force should be dismissed. They argue that Schmalz has not alleged that this removal was a "significant change" in his employment and therefore, has not established that the removal was an "adverse employment action."[2] Defendants also argue that Schmalz's claims that he was sent home on June 28, 2013 do not constitute an adverse employment action and should be dismissed.

Defendants conflate the requirements of a First Amendment retaliation claim, brought under § 1983, with an employment discrimination claim. "[A] § 1983 case does not require an adverse employment action within the meaning of the antidiscrimination statutes, such as Title VII of the Civil Rights Act of 1964." *Spiegla v. Hull*, 371 F.3d 928, 941 (7th Cir. 2004) (citing *Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000) (overruled on other grounds by *Garcetti v. Ceballos*, 547 U.S. 410 (2006)). "Rather, '*any* deprivation . . . that is likely to deter the exercise of free speech . . . is actionable.'" *Id.* (quoting *Power*, 226 F.3d at 820) (emphasis

---

[2] Defendants also made an additional argument about when Niemann became police chief and have submitted Niemann's affidavit, attached as Exhibit E. As explained above, this affidavit is not properly submitted on a 12(b)(6) motion and has been excluded.

in original); *DeGuiseppe v. Vill. of Bellwood*, 68 F.3d 187, 192 (7th Cir. 1995) ("retaliation need not be monstrous to be actionable under the First Amendment; it need merely create the potential for chilling employee speech on matters of public concern"). Therefore, "petty harassment" can be actionable if it has a chilling effect. *DeGuiseppe*, 68 F.3d at 192; *see also Bart v. Telford*, 677 F.2d 622, 624 (7th Cir. 1982) (explaining that minor harassment, including making fun of an employee for bringing a birthday cake to the office, may be sufficient to deter the exercise of First Amendment rights).

Schmalz has alleged that he was removed from the WEDGE task force on April 22, 2013, after he had engaged in protected political and union activity. Likewise, he has alleged that he was sent home on June 28, 2013, as harassment for his political and union activity. Construing the allegations in his favor, Schmalz has sufficiently alleged that these events were deprivations likely to deter free speech. Defendants' Motion is denied to the extent it seeks to dismiss those allegations.

*Wilt, Hermanek and Niemann*

Defendants also argue that Schmalz has failed to sufficiently allege a causal connection between the alleged deprivations and the remaining Defendants, Wilt, Hermanek and Niemann. With respect to Wilt, Schmalz alleges only that she is a current trustee. He makes no other allegations that would support her individual liability and, in his response brief, appears to waive this claim by failing to respond to Defendants' argument. Furthermore, Schmalz's claims against Wilt in her official capacity also fail. Claims against a government official in her official capacity are treated the same as claims against the governmental unit for which she works. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir.2008) (citing *Pourghoraishi v. Flying J, Inc.*,

11

449 F.3d 751, 765 (7th Cir. 2006)); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("an official capacity suit is another way of pleading an action against an entity of which the officer is an agent.")  Schmalz's official capacity claims against Wilt, as well as the other Individual Defendants, are redundant of his claims asserted against the Village and must be dismissed.  *See, e.g., Michael M. v. Bd. of Educ. of Evanston Tp. High Sch. No. 202*, No. 09 C 797, 2009 WL 2258982, at *2 (N.D. Ill. July 29, 2009) (dismissing claims against individual defendants in their official capacities as redundant when the municipal entity employer was also a named defendant).  Consequently, Wilt is dismissed as a Defendant as to all Counts.  Likewise, all official capacity claims against the Individual Defendants are dismissed.

With respect to Hermanek, the current mayor, Schmalz alleges only that Hermanek said that he had "heard" that if Desantis had won, Schmalz would be police chief.  (Compl. ¶ 64.)  There are no allegations that Hermanek caused Schmalz to suffer a deprivation as a result of protected speech or otherwise retaliated against Schmalz.   Schmalz's solo allegation is insufficient to state a First Amendment claim against Hermanek.  Consequently, Counts I and II are dismissed against Hermanek.  As Hermanek is currently in office as mayor, Defendants' Motion is denied as to Count III.

With respect to Niemann, , as discussed above, Schmalz alleges that Niemann took adverse action against Schmalz in removing Schmalz from the WEDGE task force, sending him home, and saying that he would never be promoted to lieutenant.  These allegations sufficiently establish a causal connection between Schmalz's protected free speech and a deprivation so as to state a First Amendment claim.  Consequently, Defendants' Motion is denied as to Niemann.

**CONCLUSION**

For the reasons set forth above, Schmalz's Motion to Strike [63] is granted in part and denied in part. The exhibits attached to Defendants' Motion to Dismiss are stricken and excluded. Defendants' Motion to Dismiss [57] is granted in part and denied in part. All official capacity claims asserted in Counts I, II, and III against Defendants Desantis, Demopoulos, Corgiat, Czajka, Wilt, Krochmal, Hermanek and Niemann are dismissed with prejudice.

The following claims and Defendants are dismissed without prejudice:

- Defendants Desantis, Demopoulos, Corgiat, Czajka, and Wilt are dismissed as to all Counts;
- Defendant Krochmal is dismissed as to Counts I, II, and III; and
- Defendant Hermanek is dismissed as to Counts I and II.

Defendants' Motion is denied as to Defendant Niemann and as to Count III against Hermanek. Plaintiff Schmalz is granted a final leave to amend his claims, if he can do so pursuant to Rule 11, within thirty days of this Order.

Date:  April 8, 2015

JOHN W. DARRAH
United States District Court Judge

13