UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FRANK SCHMALZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 13-cv-8012 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| VILLAGE OF NORTH RIVERSIDE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Mary Rowland's ("the Report") [112] recommending this Court deny the Defendant's Motion to Enforce the Settlement Agreement [97]. Defendant Village of North Riverside filed an Objection to the Report [114]. For the following reasons, the Court adopts the Report [112] and denies the Defendant's Motion to Enforce the Settlement Agreement [97]. Defendant's Objection to the Report [114] is overruled.

## BACKGROUND

Plaintiff filed this lawsuit against the Village of North Riverside, Illinois ("Village"), and eight individuals, including the Village Mayor, Village Board Trustees and the Village Police Chief (collectively, "Defendants"). (Compl. ¶¶ 5-13.) As alleged in his Amended Complaint (Dkt. No. 48), Schmalz was a police sergeant employed by the Village. (*Id*. ¶ 16.) He was also president of the local Fraternal Order of Police (FOP), Lodge 110, and was the FOP chief negotiator with the Village. (*Id*. ¶ 4.) Finally, he served in a supervisory capacity on a task force, known as West Suburban Enhanced Drug & Gang Enforcement (WEDGE). (*Id*. ¶ 17.) Schmalz's claims arise from his union activity and endorsement of former trustee Rocco Desantis

in Desantis's unsuccessful run for Village mayor in April 2013. (*Id.* ¶ 24). After the election, the new police chief removed Schmalz from the WEDGE taskforce and refused to promote him to lieutenant, despite Schmalz's having passed the lieutenants' promotional examination. (*Id.* ¶¶ 18, 19, 22, 47-49, 56-62). Schmalz brought this action pursuant to 42 U.S.C. § 1983, asserting claims for: violations of his First Amendment rights, mandamus, and a state-law claim for defamation *per se*.

On March 1, 2016, the parties participated in a mediation with Magistrate Judge Mary Rowland that was unsuccessful. (Dkt . No. 90.) Afterwards, Judge Rowland recommended that Defendants pay $60,000 to Plaintiff to resolve their dispute and gave the parties until March 4 to accept or reject the recommendation.[1] (*Id.*). On March 7, Plaintiff and his former attorney appeared in-person before Judge Rowland. (Dkt. No. 91.) Also on March 7, Plaintiff's counsel emailed Defendants' counsel, stating, "We are going to accept the $60,000." (Dkt . No. 97 at ¶ 5 & Ex. A & C; Dkt. No. 114 at pp. 2-3 & Ex. D.) Plaintiff's counsel also indicated that she would inform Judge Rowland's chambers that Plaintiff would accept. (Dkt. No. 114 Ex. D; Dkt . No. 91).

On March 9, Defendants' counsel sent Plaintiff's counsel a proposed settlement release. (Dkt . No. 97 at ¶ 9 & Ex. E; Dkt. No. 114 at p. 4 & Ex. F.) Despite Defendants' granting Plaintiff several requests for additional time in order to review the release, Plaintiff did not sign the release. (Dkt . 97 at ¶¶ 10-17; Dkt. No. 114 at pp. 4-5). On April 28, Defendants filed a Motion to Enforce the Settlement and Award Sanctions. (Dkt . No. 97). On May 10, 2016, Plaintiff's counsel's motion to withdraw was granted; Plaintiff is now proceeding *pro se*. (Dkt . Nos. 95, 100, 101).

---

[1] The Report notes that the parties have agreed that the recommended settlement amount could be made public.

Defendants' Motion to Enforce, a dispositive motion, was referred to Judge Rowland. (Dkt No. 102.)

On July 5, 2016, Judge Rowland issued the Report, recommending denial of Defendants' Motion to Enforce the Settlement on the basis that Defendants did not meet their burden to demonstrate that Plaintiff's counsel had the authority to accept the Court's settlement recommendation on Plaintiff's behalf. (Dkt. No. 112.) Defendants filed Objections to the Report. (Dkt. No. 114.)

## LEGAL STANDARD

Under Rule 72(b) of the Federal Rules of Civil Procedure, a party that disagrees with a magistrate judge's report and recommendations on a dispositive motion must file "specific, written objections" to the report. FED. R. CIV. P. 72(b)(2); *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The district court then reviews *de novo* only those portions of the report to which the specific written objection is made. *Id.* The Seventh Circuit has interpreted "specific" as used in Rule 72(b) to require a party "only to specify each issue for which review is sought." *Johnson*, 170 F.3d at 741. Where no objection or only a partial objection is made, the district court "reviews those unobjected portions for clear error." *Id.* at 739 (internal citations omitted). The district court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge. FED. R. CIV. P. 72(b)(3).

Settlement agreements are contracts, and their construction and enforcement are governed by basic contract principles, under applicable state contract law — in this case, the law of Illinois. *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016). "A settlement agreement is enforceable if there was a meeting of the minds or mutual assent to all material terms." *Id.* (citing *Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir.1999), and *SBL Assoc. v.*

3

*Village of Elk Grove*, 617 N.E.2d 178, 182 (Ill. App. Ct. 1993)). "Material terms are sufficiently definite and certain when they enable a court to ascertain what the parties agreed to do." *Id*. (citing *K4 Enters., Inc. v. Grater, Inc*., 914 N.E.2d 617, 624 (Ill. App. Ct. 2009)).

## ANALYSIS

Although Defendants disagree with Judge Rowland's decision, Defendants make very few specific objections to the Report. Defendants disagree with the overall conclusion reached by Judge Rowland. Defendants attempt to re-argue that the "settlement" should be enforced because there was an offer and acceptance (that Defendants would pay Plaintiff money in exchange for execution of a release of all claims and dismissal of the pending lawsuit), and that therefore, the required meeting of the minds was satisfied. Judge Rowland oversaw the settlement negotiations; she considered Defendants' Motion to Enforce and was in the best position to decide Defendants' Motion.

In the Report, Judge Rowland directly addressed the issues raised by Defendants, including the facts that Plaintiff's counsel sent an email to Defendants' counsel, stating "[w]e are going to accept" the Court's $60,000 settlement recommendation, as well as Plaintiff's contention that "[a]t no time," did he "voice any approval or acceptance" of Defendants' settlement offer to his counsel. (*See* Report 3-5.) Judge Rowland explained clearly that Defendants failed to demonstrate that Plaintiff's counsel had authority to accept the Court's settlement recommendation on Plaintiff's behalf and that an email communication from Plaintiff's counsel to Defendants' counsel is not sufficient to demonstrate client approval. (*See* Report 4-5.)

Defendants argue that the email communication from Plaintiff's former counsel to Defendants, stating that "we are going to accept the $60,000," is proof that Defendants' offer was accepted and that an agreement was reached. Judge Rowland explained in the Report, with

4

citations to supporting case law, that Defendants have not demonstrated that Plaintiff's counsel had authority to accept the settlement recommendation on Plaintiff's behalf. *Centurylink v. BBC Elec. Servs. Inc.*, No. 10 CV 299, 2013 WL 5461097, at *2 (N.D. Ind. Sept. 26, 2013) (counsel's email indicating that plaintiff accepted the settlement offer was insufficient to show that settlement offer was accepted by plaintiff); *see Magallanes v. Illinois Bell Tel. Co.*, 535 F.3d 582, 584 (7th Cir. 2008) (no evidence that plaintiff authorized her counsel to settle case out – of – court); *Higbee v. Sentry Ins. Co.*, 253 F.3d 994, 997-1000 (7th Cir. 2001) (general rule is that settlement reached in client's absence is not presumed); *Webster v. Hartman*, 749 N.E.2d 958, 963 n.1 (Ill. 2001) ("In order to grant a motion to enforce an out-of-court settlement, this court has long held that counsel must possess express consent or authorization to compromise or settle a case."). Judge Rowland's explanation and case law cites are on point – Defendants have not demonstrated that Plaintiff's counsel had authority to accept the settlement recommendation. Accordingly, the Defendants' arguments are rejected, and its objection to the Report is overruled.

Moreover, Defendants cite case law[2] and present arguments that Plaintiff had "buyer's remorse" and was attempting to use this lawsuit as leverage in a union grievance arbitration. Neither the cases nor the arguments were presented in the Motion to Enforce considered by Judge Rowland. Arguments not made before the magistrate are generally waived. *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *see also Finwall v. City of Chicago*, 239 F.R.D. 504, 506 (N.D. Ill. 2006) (holding party may not raise argument for first time in an objection to magistrate judge's recommendation); *Cummins-Allison Corp. v. Glory, Ltd.*, No. 02 C 7008, 2003 WL 22125212, *16 (N.D. Ill. Sept. 5, 2003) ("A court is not required to hear

---

[2] Defendants cite *Elustra v. Mineo*, 595 F.3d 699 (7th Cir. 2010), and *Pompeo v. Exelon Corp.*, No. 12 C 10098, 2014 WL 642756 (N.D. Ill. Feb. 19, 2014).

arguments that have not been made before a magistrate judge and any new arguments are generally considered to be waived."). Thus, Defendants' arguments on these bases are rejected.

## **CONCLUSION**

For the reasons stated above, the Court adopts the Report and Recommendation [114] of Magistrate Judge Mary Rowland in its entirety. Defendants' Motion to Enforce the Settlement Agreement [97] is denied, and its Objection to the Report and Recommendation [112] is overruled.

Date:  10/28/16

JOHN W. DARRAH
United States District Court Judge