# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK SCHMALZ,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF NORTH RIVERSIDE, et al.,<br><br>Defendants. | No. 13 C 8012<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff's Motion to Declare Privileges Asserted by Defendants Waived and/or Stricken and for Other Relief [175] is granted in part, denied in part.

## I. DISCUSSION

Plaintiff Frank Schmalz ("Plaintiff") seeks an order compelling Defendants to produce certain documents listed on a privilege log and withheld as privileged.[1] Specifically, Plaintiff argues that Defendants: (1) improperly invoked "attorney-client" privilege over 142 emails between non-lawyers, (listed on Dkt. 191-1, Exhibit 1); and (2) improperly asserted the "insurer-insured" privilege over 68 emails,

---

[1] On 12/11/17, the Court reviewed Plaintiff's motion to declare privileges asserted by defendants waived and/ or stricken [175] and denied the motion without prejudice. The Court ruled that the email correspondences identified on the privilege log involving Defendants' current counsel or counsel at the time of the emails were covered by attorney-client privilege and did not have to be produced. The parties were ordered to confer about any remaining disputed emails. [178]. On 12/21/17, the Court permitted parties to submit briefing as to whether the attorney-client privilege extends to emails involving non-attorneys or whether the insured-insurer privilege is recognized and applicable in federal court. [182, 183]. The Court addresses these two remaining issues in this opinion.

(listed on Dkt. 191-2, Exhibit 2).[2] The Court addresses each of the asserted privileges in turn.

## A. Attorney-client privilege extending to non-attorney third parties

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice. Without that frankness, sound legal advice is impossible, and without informed advice, the ultimate goal of the attorney-client privilege is unattainable." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). "However, since the privilege has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose. Accordingly it protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States,* 425 U.S. 391, 403 (1976). Thus, "because the privilege is in derogation of the search for the truth, it is construed narrowly." *Jenkins v. Bartlett,* 487 F.3d 482, 490 (7th Cir. 2007) (citation omitted); see *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir. 1983) (scope of privilege should be "strictly confined within the narrowest possible limits"); *Dexia Credit Local v. Rogan,* 231 F.R.D. 268, 272 (N.D. Ill. 2004) ("The Illinois Supreme Court has ... stated that it is the attorney-client privilege, not the duty to disclose, that is the exception and, therefore, the privilege ought to be strictly confined within its narrowest possible limits.") (citation omitted).

---

[2] The Court notes that there are only 67 entries listed on Exhibit 2.

Defendants are correct that the attorney-client privilege can extend to communications between non-attorney third parties where "the communications rest on confidential information obtained from the client, or would reveal the substance of a confidential communication by the client." *In re Sulfuric Acid Antitrust Litigation*, 235 F.R.D. 407, 433 (N.D. Ill. 2006) (finding non-attorney communications privileged that because they disclosed the content of a confidential attorney-client communication.). However, "a lawyer must have some relationship to the communication such that the communication(s) between the non-lawyer employees would 'reveal, directly or indirectly, the substance of a confidential attorney-client communication.'" *Heriot v. Byrne*, 257 F.R.D. 645, 666 (N.D. Ill. 2009)(noting that application of the attorney-client privilege to third parties' communications "should be limited to instances where a third party . . . assists a lawyer in giving legal advice," and "where the third party's participation was required to enable the attorney to render legal advice.") (citations omitted).

It is well-settled that the "party seeking to invoke the privilege bears the burden of proving all of its essential elements." *Evans*, 113 F.3d at 1461. Indeed, "each of these elements must be established as to each document, as the mere existence of an attorney-client relationship is not sufficient to cloak all communications with the privilege." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 145 F.R.D. 84, 86 (N.D. Ill. 1992). Accordingly, "it is first incumbent upon the Defendants to show why the privilege applies to each specific non-attorney communication." *See Stopka v. Am. Family Mut. Ins.,* 816 F. Supp. 2d 516, 527 (N.D. Ill. 2011) (granting motion to compel

when the privilege log failed to show how the attorney-client privilege applied to each non-attorney e-mail at issue.).

Defendants argue that 142 email correspondences between non-attorney third parties are protected by the attorney-client privilege because: 1) they constitute communications between non-lawyers who work for the Village of Riverside that were authored "for the purpose of assisting the lawyers to provide legal advice"; or 2) they were communications "where an employee within a defendant company provides another employee a summary of legal advice received from their attorneys pertaining to the Plaintiff." (Dkt. 189 at 3) (citing *Doe v. Johnson*, 15C1387, 2015 WL 12834771, at *2 (N.D. Ill. Nov. 23, 2015); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 93 C 4899, 1996 WL 341537, at *2 (N.D. Ill. June 20, 1996)). Defendants only discuss six of the 142 entries on the privilege log as examples of attorney-client privilege extending to non-attorney third party communications. For the remaining 136 items, Defendants provide no further details or information other than what is on the privilege log.

Defendants contend that Document Nos. 163, 164, 168, and 169 are examples "where one of the defendants forwards an email from a Village attorney with legal advice or litigation strategy to other named defendants or Village employees overseeing the litigation on behalf of the municipal defendant." (Dkt. 189 at 4). The Court agrees that any emails that are simply forwarding emails *from counsel* should be protected by the attorney-client privilege and need not be produced because such communications would "reveal, directly or indirectly, the substance of a confidential

attorney-client communication." *In re Sulfuric Acid Antitrust Litigation*, 235 F.R.D. at 433; *see also RBS Citizens. v. Husain*, 291 F.R.D. 209, 216 (N.D. Ill. 2013) (indicating that the communications must "constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence."). The Court accepts defense counsels' representations that Document Nos. 163, 164 & 168 are instances where an employee was forwarding counsel's email to other Village employees. These documents need not be produced. However, there is no indication that Document No. 169 is a forwarded email, nor is there any information regarding the nature of the underlying confidential communication. This document must be produced.

Defendants assert that Document Nos. 207 and 397 are examples of "communications between Defendants for the purpose of assisting their attorney in providing legal advice." (*Id.*). However, the Court does not have enough information from the privilege log or the Defendants' brief to determine "whether the documents were prepared for the purpose of legal advice or whether they were intended to be confidential." *See In re General Instrument Corp. Securities Litigation*, 190 F.R.D. 527, 531-32 (N.D. Ill. 2000).

Even more troubling, as for the remaining 136 entries, Defendants offer no explanation as to why the attorney-client privilege is applicable to these *specific* documents, and the Court only has the privilege log to rely upon. The Court finds that Defendants' privilege log is not "sufficiently detailed to allow the court to determine whether the party asserting the privilege has discharged its burden of establishing the applicability of the privilege." *Muro v. Target Corp.,* No. 04 C 6267, 2006 WL

3422181, at *2 (N.D. Ill. Nov. 28, 2006). Pursuant to Rule 26(b)(5), a party withholding otherwise discoverable information must "describe the nature of the documents, communications, or things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A)(ii). As such, the party asserting the privilege must produce a privilege log "that identifies for *each* separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged." *Muro,* 2006 WL 3422181, at *2 (emphasis in original). Defendants have not done so here. None of the entries in the privilege log specify the name of the attorney involved in the underlying communication, the nature of the confidential attorney-client communication at issue, or the nature of the legal advice at issue. Document Nos. 374, 1046, 1048 and 1225 do not even contain a subject matter, title or description.

Defendants were given a second bite at the apple to prepare a response to Plaintiff's motion, specifically to explain how the attorney-client privilege applies to these non-attorney communications. (*See* Dkt. 183). Defendants failed to meet their burden with regards to 139 of the 142 relevant documents. As such, except for Document Nos. 162, 164, and 168, the Court orders production of all of the remaining non-attorney communications. *See In re General Instrument Corp. Securities Litigation*, 190 F.R.D. 527, 531-32 (N.D. Ill. 2000) (ordering production of non-attorney communications when privilege log did not provide sufficient details for the Court to

assess "whether the documents were prepared for the purpose of legal advice or whether they were intended to be confidential."); *see also Stopka,* 816 F. Supp. 2d at 527 (ruling that non-attorney emails were not privileged when there was no explanation as to why the attorney-client privilege applied); *RBS Citizens, v. Husain*, 291 F.R.D. 209, (N.D. Ill. 2013)("Without any explanation of what the documents are, who authored them, or *the purpose for which they were created,* the Court determines that the vast majority of the disputed documents . . . are not in fact privileged.")(emphasis added).

**B. Insurer-Insured Privilege**

Defendants argue that the Illinois state law insurer-insured privilege should apply in this case because "while federal law may govern the outcome of the case for plaintiff's First Amendment claims, state law privilege clearly applied to plaintiff's underlying workers' compensation litigation." (Dkt. 189 at 9). The Court is not persuaded.

"Although federal courts apply the state law privilege when jurisdiction is based in diversity,. . . when the principal claim in federal court arises under federal law and the sought-after information is also relevant to pendant state claims, the federal common law of privilege applies." *Miller v. City of Plymouth*, No. 2:09-CV-205-JVB-PRC, 2011 WL 1740154, at *5–7 (N.D. Ind. May 5, 2011) (citing Fed.R.Evid. 501; *Mem'l Hosp. for McHenry Cnty. v. Shadur,* 664 F.2d 1058, 1061 (7th Cir.1987); *Evans v. City of Chi.,* 231 F.R.D. 302, 310 (N.D. Ill. 2005)).

Plaintiff's principal claim is brought under 42 U.S.C. § 1983, alleging violations of his first amendment rights. Because this claim arises under federal law, the federal common law of privileges applies. *See Memorial Hospital,* 664 F.2d at 1061; *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("[I]n cases where the principal claim in federal court arises under federal law, with pendent jurisdiction over a state claim, the federal common law of privileges apply."); *Benvenuto v. Action Marine, Inc.*, No. 91 C 7365, 1992 WL 194649, at *1 (N.D. Ill. Aug. 6, 1992) ("Where evidence is relevant to both federal and state law claims, the evidence will not be privileged from discovery if it is not privileged under the federal common law of evidentiary privileges.").

While Illinois law recognizes the insurer-insured privilege as an expansion of the attorney-client privilege, s*ee, e.g., Pietro v. Marriot Senior Living Servs., Inc.,* 348 Ill.App.3d 541, 552, 284 Ill.Dec. 564, 810 N.E.2d 217 (Ill.App.Ct.2004); *People v. Ryan,* 30 Ill.2d 456, 461, 197 N.E.2d 15 (Ill.1964), "[f]ederal courts have never recognized an insured-insurer privilege as such." *Linde Thomson Langworthy Kohn & Van Dyke, P.c. v. Resolution Tr. Corp.*, 5 F.3d 1508, 1514 (D.C.Cir.1993); *see also Sowell v. Dominguez*, No. 2:09 CV 47, 2010 WL 4974558, at *3–5 (N.D. Ind. Dec. 1, 2010) ("[F]ederal courts have declined to expand the attorney-client privilege to encompass the insured-insurer privilege, nor does federal law recognize the insured-insurer privilege as a distinct privilege.").

The court in *Linde*, "firmly reject[ed] any sweeping general notion that there is an attorney-client privilege in insured-insurer communications." *Linde*, 5 F.3d 1508,

1515. However, as Defendant correctly points out, the court in *Linde* acknowledged in dicta that:

> where the insured communicates with the insurer for the express purpose of seeking, with respect to a concrete claim, or for the purpose of aiding an insurer-provided attorney in preparing a specific legal case, the law would exalt form over substance if it were to deny application of the attorney-client privilege.

*Linde*, 5 F.3d at 1515; *see also Miller*, 2011 WL 1740154, at *6–7 (discussing the narrow extension of the attorney-client privilege in *Linde*); *Ready v. Grafton Ferry Boat Co., Inc.*, 2009 WL 3258183 (S.D.Ill Oct. 8, 2009) (same).

Defendants rely on this narrow exception recognized in *Linde* to assert that "[n]ot applying the insurer-insured privilege to the [emails related to the] underlying state law workers' compensation claims would be an unfair result because the communications related to [the then] *pending* litigation and were for the purpose of protecting the interests of the Village in the *pending* workers' compensation litigation." (Dkt. 189 at 9) (emphasis added). The Court acknowledges the narrow extension of the federal common law attorney-client privilege discussed in *Linde*. However, many of the documents listed on the privilege log would not fall into this narrow exception. The insurer-insured privilege would not apply to documents dated after the Plaintiff's workers' compensation case concluded and was settled on June 8, 2015. Accordingly, the Court orders production of Document Nos. 229, 239, 242–44, 251, 255, 257, 265–66, 415, 429, 432, 440, 513, 623, 895, 904, 910, 912, 923, 936, 944, 950, 955, 975, 978, 981–82, 984, 991–93, 1004–005, 1008, 1052, 1060, 1067, 1074, 1081, 1082, and 1137, which post-date the resolution of Plaintiff's workers'

compensation claim. Moreover, as for the remaining 23 items identified on the insurer-insured privilege log, the Court does not have enough information based on the entries or Defendant's response brief to determine if this narrow exception applies. As above, *supra,* the Court finds that Defendants did not meet their burden to establish the applicability of the privilege and orders production of these documents. *See Wielgus v. Ryobi Techs., Inc.*, No. 08 CV 1597, 2010 WL 3075666, at *8 (N.D. Ill. Aug. 4, 2010) (declining to extend attorney-client privilege to communications between insured and insurers when privilege log did not offer information about the insurers involvement in the communications or "to support an inference that the documents contain confidential communication").

## II. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Declare Privileges Asserted by Defendants Waived and/or Stricken and for Other Relief [175] is granted in part and denied in part.

Dated: February 7, 2018

E N T E R:

MARY M. ROWLAND
United States Magistrate Judge