UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK SCHMALZ,<br><br>        Plaintiff,<br><br>v.<br><br>VILLAGE OF NORTH RIVERSIDE, et al.,<br><br>        Defendants. | No. 13 C 8012<br><br>Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Defendants' motion to reconsider this Court's Memorandum Opinion and Order dated February 7, 2018 [208] is granted in part, denied in part.

## I. DISCUSSION

### A. Background

On December 8, 2017, Plaintiff filed a motion to declare privileges asserted by Defendants waived and/ or stricken. (Dkt. 175). On December 11, 2017, the Court denied the motion without prejudice. The Court ruled that the email correspondences identified on the privilege log involving Defendants' current counsel or counsel at the time of the emails were covered by attorney-client privilege and did not have to be produced. (Dkt. 178). The parties were ordered to confer about any remaining disputed emails. (*Id.*). On December 21, 2017, the Court permitted Defendants to submit supplemental briefing as to whether the attorney-client privilege extends to emails involving non-attorneys or whether the insured-insurer privilege is recog-

nized and applicable in federal court. (Dkt. 183). After reviewing Defendants supplemental response and Plaintiff's reply, the Court issued a Memorandum Opinion and Order dated February 7, 2018, granting in part Plaintiff's motion. (Dkt. 205). The Court found that Defendants failed to meet their burden to demonstrate the applicability of attorney-client privilege or insured-insurer privilege to *each specific document* that was in dispute. (*Id.* at 5–7, 9–10). Accordingly, the Court ordered production of the majority of these documents. (*Id.*). On February 13, 2018, Defendants filed a motion to reconsider this Court's ruling. (Dkt. 208).

**B. Legal Standard**

While there is no explicit rule in the Federal Rules of Civil Procedure governing motions for reconsideration of interlocutory orders, "courts in this District have construed motions to reconsider interlocutory orders . . . as arising under Rule 54(b) in addition to the Court's inherent authority and the common law." *Caine v. Burge*, 897 F. Supp. 2d 714, 716 (N.D. Ill. 2012). A motion to reconsider is appropriate only in "limited circumstances." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). "It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Id.* (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

"To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir.2004). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). That being said, "motions for reconsideration can serve a valuable function by helping, under appropriate circumstances, to ensure judicial accuracy." *Mosley v. City of Chicago*, 252 F.R.D. 445, 447 (N.D. Ill. 2008). A motion for reconsideration of interlocutory orders is within the sound discretion of this Court, and will be reversed solely upon a showing of abuse of discretion. *Caine*, 897 F. Supp. 2d at 716.

**C. Motion to Reconsider**

In their motion to reconsider, Defendants argue that they misunderstood their obligation to demonstrate that *each specific document* in dispute was privileged when submitting their supplemental written response to Plaintiff's motion. (Dkt. 208, at 2). Defendants explain that they misinterpreted this Court's order dated December 21, 2017, which granted Defendants leave to respond in writing as to "whether the insured-insurer privilege is recognized and applicable in federal court and whether the attorney-client privilege extends to emails involving non-attorneys." (Dkt. 215 at 1). Defendants state that they in good faith interpreted this order "to mean that defendants were instructed to provide a written brief explaining their opposition on why the aforementioned general privileges are applicable to this

case." (*Id.*). Defendants elaborate that "[o]nly after the Court's detailed written ruling on February 7, 2018, did defendants become aware that the Court was seeking a supplement about the application of privileges to each individual email in addition to a general argument in support of the use of the privileges." (Dkt. 215 at 2).

As such, in their motion to reconsider, Defendants request the Court reconsider its ruling and allow Defendants to correct their misunderstanding of their obligation to demonstrate the applicability of the asserted privileges for each document in dispute. Accordingly, Defendants submitted a revised privilege log which provides "a more detailed explanation of the content of the emails and why the privilege should attach." (*Id.* at 4). Defendants also, for the first time, offered to submit for *in camera* inspection any of the disputed emails. (*Id.* at 6).[1]

There is no doubt that Defendants should have known of their obligation to provide the Court (and Plaintiff) with sufficient information to establish the applicability of the attorney-client privilege and the insured-insured privilege *for each specific document* in dispute when submitting their supplemental written response to Plaintiff's motion in December 2017. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 145 F.R.D. 84, 86 (N.D. Ill. 1992); *Stopka v. Am. Family Mut. Ins.,* 816 F. Supp. 2d 516, 527 (N.D. Ill. 2011)*; Muro v. Target Corp.,* No. 04 C 6267, 2006 WL 3422181, at *2 (N.D. Ill. Nov. 28, 2006); *In re General Instrument Corp. Securities Litigation*, 190 F.R.D. 527, 531-32 (N.D. Ill. 2000). In fact, Defendants should have provided this specificity when they first produced their privilege log.

---

[1] Further, Defendants note in their motion that on February 12, 2018, they produced 49 emails to Plaintiff that had been listed on the privilege log but that do not fall under either attorney-client or insured-insurer privilege. (Dkt. 208 at 4).

Nonetheless, because waiver of privilege is "disfavored," and "because many of the documents [in the revised privilege log] appear on their face to qualify" for the narrow privilege exceptions identified by this Court in its order dated February 8, 2018, the Court grants in part Defendants' motion for reconsideration and gives Defendants this additional opportunity to demonstrate the privileged nature of each of the specific communications in dispute. *See Muro,* 2006 WL 3422181, at *2 (even though the court found that defendant "failed to satisfy its burden of providing the factual information necessary to sustain the privilege" and that defendant "should have known" of their obligation; nonetheless, the court gave defendants "one more opportunity to demonstrate the privileged nature of the communications").

After reviewing the revised privilege log, the Court finds that the following 82 documents, which are forwarded emails from an attorney, are protected by the attorney-client privilege: 133, 137, 138, 148, 163, 164, 168, 184, 185, 187, 212, 237, 247, 263, 275, 282, 288, 311, 313, 346, 374, 380, 432, 451, 456, 479, 480, 488, 499, 506, 508, 512, 513, 623, 891, 895, 901, 907, 908, 913, 921, 922, 923, 930, 936, 944, 949, 950, 955, 957, 963, 973, 1007, 1011, 1012, 1052, 1060, 1067, 1074, 1081, 1082, 1095, 1097, 1098, 1099, 1100, 1111, 1115, 1116, 1124, 1154, 1155, 1167, 1168, 1184, 1211, 1212, 1217, 1218, 1219, 1222, 1225. *See In re Sulfuric Acid Antitrust Litigation*, 235 F.R.D. 407, 433 (N.D. Ill. 2006); *RBS Citizens. v. Husain*, 291 F.R.D. 209, 216 (N.D. Ill. 2013).

As for the following 48 documents, without inspecting the documents, the Court does not have enough information to determine whether Defendants have met their

burden to establish the narrow exceptions to attorney-client and insured-insurer privilege identified by this Court: 2, 3, 6, 7, 8, 9, 10, 12, 13, 15, 19, 22, 24, 35, 125, 200, 207, 215, 239, 242, 243, 244, 298, 358, 361, 362, 385, 386, 415, 430, 439, 440, 462, 472, 504, 517, 519, 520, 521, 524, 525, 532, 623, 654, 977, 887, 889, 1156. Accordingly, the Court will allow Defendants to submit these documents for an *in camera* review within seven days of the issuance of this order. *See Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.,* 406 F.3d 867, 880 (7th Cir. 2005); *see also In re Grand Jury Proceedings,* 220 F.3d 568, 571 (7th Cir.2000) ("Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies.") (quoting *Holifield v. United States,* 909 F.2d 201, 204 (7th Cir.1990)); *United States v. Tratner,* 511 F.2d 248, 252 (7th Cir.1975) ("Where this evidence may be presented only by revealing the very information sought to be protected by the privilege, an *in camera* inspection of the evidence may be appropriate.").

Regarding Document Nos. 255 and 265, Defendants provided no additional information as to the subject matter of these documents in the revised privilege log, leaving the Court unable to assess whether Defendants have "discharged its burden of establishing the applicability of the privilege." *Muro,* 2006 WL 3422181, at *2. Because these entries in the revised privilege log do not meet the requirements of Rule 26(b)(5)(A), privileges for these documents are deemed waived and Defendants

are ordered to produce these documents. *See In re General Instrument Corp. Securities Litigation*, 190 F.R.D. at 531–32; s*ee also Wielgus v. Ryobi Techs., Inc.*, No. 08 CV 1597, 2010 WL 3075666, at *8 (N.D. Ill. Aug. 4, 2010) (declining to extend attorney-client privilege to communications between insured and insurers when privilege log did not offer information about the insurers involvement in the communications or "to support an inference that the documents contain confidential communication").

**D. Attorneys' Fees**

In his reply to Defendants' motion, Plaintiff argues that "the only fair way to give Defendants yet another chance would be to also require Defendants to also compensate Plaintiff for the fees and costs incurred for being forced to litigate Defendants' deficient privilege assertions before the ruling was issued." (Dkt. 214 at 11). The Court agrees. As discussed herein, Defendants should have known of their burden to demonstrate the applicability of privilege *for each specific document* in dispute, and Defendants were given ample opportunity to do so. Accordingly, Plaintiffs are granted leave to submit a petition for reasonable fees and costs incurred in responding to Defendants' motion for reconsideration within 14 days of this order.

## II. CONCLUSION

For the reasons stated above, Defendants' motion to reconsider this Court's Memorandum Opinion and Order dated February 7, 2018 [208] is granted in part, denied in part.

E N T E R:

Dated: March 2, 2018

MARY M. ROWLAND
United States Magistrate Judge